**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X     Case No.

JANE DOE,

                                      Plaintiff,

      - against -

LONG ISLAND MOTORS, INC. and DAVID
DELVECCHIO, *Individually*,

                                    Defendants.
---------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY

Plaintiff, proceeding pseudonymously as JANE DOE ("Plaintiff"), through her attorneys, Phillips & Associates, PLLC, respectfully submits the below Memorandum of Law in support of Plaintiff's Motion requesting leave to file her Complaint and proceed in litigation pseudonymously.

**A.**    **Material Facts Relevant to Plaintiff's Motion**

Plaintiff, a woman, began working for Defendant Long Island Motors, Inc., ("LIM") in or around May 17, 2020. (Compl. ¶ 12). Throughout Plaintiff's employment at LIM, Plaintiff was subjected to multiple inappropriate sexual advances and comments by Defendant DELVECCIO. (*See generally* Compl. ¶¶ 14, 18, 19, 24, 31, 33). On or around the evening of June 16, 2020, Plaintiff was called into Defendant DELVECCHIO's office to discuss a staff meeting that occurred that morning. (Compl. ¶¶ 37-38). Defendant DELVECCHIO asked Plaintiff what she was telling her co-workers about him. (Compl. ¶ 38). At that moment, Plaintiff believed that if she answered truthfully, she would be terminated and responded, "I said you were cool and I liked you." (Compl. ¶ 39). Defendant DELVECCHIO directed Plaintiff to sit down and asked Plaintiff, "So you like

1

me?" as he unzipped his pants, pulled out his penis and began to stroke it. (Compl. ¶ 40). With his penis in his hand, Defendant DELVECCHIO demanded that Plaintiff come over to his side of the desk. (Compl. ¶ 41). Terrified, Plaintiff walked over to Defendant DELVECCHIO and he said, "Baby tell me what you want." (Compl. ¶¶ 42-43). Plaintiff pleaded that she only wanted to keep her job. (Compl. ¶ 43). Defendant DELVECCHIO began to rub Plaintiff's butt with his left hand as he continued to stroke his penis with his right hand. (Compl. ¶ 44). Immediately, when Plaintiff realized Defendant DELVECCHIO's intentions, she exclaimed, "What are you doing, I can't have sex with you! I can't give you head! I can't do anything sexual with you." (Compl. ¶ 45). In an attempt to extricate herself from the situation, Plaintiff told Defendant DELVICCHIO that she was on her period but Defendant DELVICCHIO responded that he did not care. (Compl. ¶ 46). Instead, Defendant DELVICCHIO grabbed Plaintiff's hand and placed it on his penis forcibly using her hand to stroke his penis. (Compl. ¶47). Defendant DELVICCHIO proceeded to assault Plaintiff by taking his hand, placing it inside of Plaintiff's pants and digitally penetrating Plaintiff's anus while he asked her if she "liked it." (Compl. ¶ 48). Within seconds, Defendant DELVICCHIO ejaculated in Plaintiff's hand. (Compl. ¶ 49). Immediately after the assault, Plaintiff left Defendant DELVICCHIO's office, gathered her belongings and went to the restroom to vomit. (Compl. ¶ 50).

After the assault, Defendant DELVICCHIO took actions to undermine Plaintiff professionally by yelling and berating her openly in the dealership. (Compl. ¶¶ 56-58). On June 19, 2020, Defendant DELVECCHIO called Plaintiff into his office and yelled, "You told Joanne I wanted to report her, you are a liar, all you do is run your mouth, I don't want you working here anymore!" (Compl. ¶ 57). Defendant DELVECCHIO then threatened Plaintiff and told her "I

2

will fuck your background up! I will make sure you never work for another company again!" (Compl. ¶ 58).

**B.        Legal Framework Governing Motions to Proceed Pseudonymously**

When determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has set forth the following non-exhaustive list of ten factors to consider in performing this balancing test:

> "(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,"; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,""; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 189-190 (internal citations omitted).

**C.        The *Sealed Plaintiff* Factors Support Plaintiff's Motion to Proceed Pseudonymously**

The first *Sealed Plaintiff* factor turns decidedly in the favor of anonymity. This action involves allegations of sexual assault, which courts routinely recognize are matters of "a highly sensitive and personal nature," justifying the use of a pseudonym. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("sexual assault victims are a paradigmatic example of those

3

entitled to a grant of anonymity"); *see also Doe v. Nygard*, No. 20-cv-6501, 2020 U.S. Dist. LEXIS 151186, at *7 (S.D.N.Y. Aug. 20, 2020); *Grottano v. City of New York*, No. 15-cv-9242, 2016 U.S. Dist. LEXIS 58156, at *6 (S.D.N.Y. Mar. 30, 2016); *Doe v. AMDA, Inc.*, No. 16-cv-101, 2016 U.S. Dist. LEXIS 23001, at *3 (S.D.N.Y. Feb. 25, 2016).

With regard to the second and third *Sealed Plaintiff* factors, there is a significant risk of further emotional harm to Plaintiff. Following the sexual assault, Plaintiff has suffered severe emotional harm, (Compl. ¶ 60), and any progress she has made towards recovery could be compromised or even reversed should she be forced to proceed in her own name. *See AMDA, Inc.*, 2016 U.S. Dist. LEXIS 23001, at *3 (describing the harms resulting from the disclosure of a sexual assault victim's identity as "obvious"). Moreover, courts have determined that "protecting the anonymity of sexual assault victims . . . can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Smith*, 19-cv-1121, 2019 U.S. Dist. LEXIS 205707, at *4 (N.D.N.Y. Nov. 27, 2019) (internal quotations omitted) (finding that third factor weighed in plaintiff's favor)

Turning to the sixth *Sealed Plaintiff* factor, Defendants will not suffer any prejudice if Plaintiff is permitted to proceed under a pseudonym. Defendants are already aware of Plaintiff's true identity through their employment of her and her filings with Equal Employment Opportunity Commission ("EEOC"). Thus, there is no prejudice to them. *See Nygard*, 2020 U.S. Dist. LEXIS 151186, at *7 (finding no prejudice where plaintiffs agreed to disclose identities to defendants); *Kolko*, 242 F.R.D. at 198 (no prejudice to defendants where they already knew plaintiff's identity).

In respect to the seventh *Sealed Plaintiff* factor, Plaintiff's identity has remained confidential and has not been disclosed publicly. In prosecuting this action to date, only Defendants and the EEOC have been made aware of Plaintiff's true identity. Accordingly, this

4

factor also weighs in favor of anonymity.  *See Smith*, 2019 U.S. Dist. LEXIS 205707, at *5 (finding continued maintenance of confidentiality to favor the use of a pseudonym).

The eighth *Sealed Plaintiff* factor additionally favors Plaintiff as the public interest lies in protecting Plaintiff's identity.  *See Kolko*, 242 F.R.D. at 195 ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."); *see also Nygard*, 2020 U.S. Dist. LEXIS 151186, at *7; *Grottano*, 2016 U.S. Dist. LEXIS 58156, at *7 (both quoting *Kolko* with approval).

Lastly, the tenth *Sealed Plaintiff* factor weighs in favor of anonymity as there are no alternative means of protecting Plaintiff's identity.  *See Smith*, 2019 U.S. Dist. LEXIS 205707, at *6 (collecting cases).

While Plaintiff recognizes that the remaining *Sealed Plaintiff* factors, four, five and nine, weigh against Plaintiff, this has not precluded courts from granting motions to proceed under a pseudonym.  *See id.* (granting plaintiff's motion where fourth and fifth factors weighed against plaintiff); *Doe v. Colgate Univ.*, No. 15-cv-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion without discussion of fourth, fifth or ninth factors); *AMDA, Inc.*, 2016 U.S. Dist. LEXIS 23001 (same).  Accordingly, the Court should grant Plaintiff's motion to proceed anonymously.

**D.     Conclusion**

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to proceed under a pseudonym.

Dated:  New York, New York
        March 8, 2021

                                              **PHILLIPS & ASSOCIATES,**
                                              **ATTORNEYS AT LAW, PLLC**

By: _____/s/_____
Marjorie Mesidor, Esq.
Joseph Myers, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
mmesidor@tpglaws.com
jmyers@tpglaws.com