UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANE DOE,

                                                    **Case No.: 2:21-cv-1232 (GRB) (ST)**

                      Plaintiff,

       -against-

LONG ISLAND MOTORS, INC., and DAVID DELVECCHIO,

                    Defendants.
-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LONG ISLAND MOTORS, INC.'S ORDER TO SHOW CAUSE TO VACATE THE DEFAULT JUDGMENT

                                                           **MILMAN LABUDA LAW GROUP PLLC**
                                                           Jamie S. Felsen, Esq.
                                                           Emanuel Kataev, Esq.
                                                           3000 Marcus Avenue, Suite 3W8
                                                           Lake Success, NY 11042-1073
                                                           (516) 328-8899 (office)
                                                           (516) 328-0082 (facsimile)
                                                           jamiefelsen@mllaborlaw.com
                                                           emanuel@mllaborlaw.com

                                                           *Attorneys for Defendant*
                                                           *Long Island Motors, Inc.*

# **TABLE OF CONTENTS**

**FACTUAL BACKGROUND** ............................................................................................... 1

**LEGAL STANDARD** ......................................................................................................... 3

**ARGUMENT** ....................................................................................................................... 7

**A Long Island Motors is Faultless in its Delay in Responding due to Improper Service** ......... 7

**B. Long Island Motors Meets the Criteria for Vacatur of Default** .......................................... 8

      i. Long Island Motors' Default was not Willful ............................................................... 8

      ii. Lonig Island Motors has a Meritorious Defense ......................................................... 9

      iii. Plaintiff Suffers no Prejudice in the Delay ............................................................... 11

**C. Long Island Motors Needs Relief to Operate in its Normal Course of Business.** ............. 12

**CONCLUSION** .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

Am. Alliance Ins. Co. v. Eagle Ins. Co.,
  92 F.3d 57 (2d Cir. 1996) ............................................................................................ 9

Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc.,
  8 F. Supp. 2d 372 (S.D.N.Y. 1998) ............................................................................. 5

Badian v. BrandAid Communs. Corp.,
  2004 U.S. Dist. LEXIS 17404, 2004 WL 1933573 (S.D.N.Y. Aug. 30, 2004) .................. 3

Barnum v. New York City Transit Authority,
  62 A.D.3d 736 (2d Dept. 2009) ................................................................................. 10

Bricklayers and Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,
  779 F.3d 182, 186 (2d Cir. 2015) ................................................................................ 9

Burda Media, Inc. v. Viertel,
  417 F.3d 292 (2d Cir. 2005) ........................................................................................ 5

China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash,
  No. 96 CIV. 9553 (PKL), 1999 WL 126921 (S.D.N.Y. Mar. 9, 1999) .............................. 6

Chen v. Best Miyako Sushi Corp.,
  No. 16-CIV.-2012, 2021 WL 707273 (S.D.N.Y. Feb. 1, 2021) ........................................ 8

City of New York v. Mickalis Pawn Shop, LLC,
  645 F.3d 114 (2d Cir. 2011) ........................................................................................ 6

Cody v. Mello,
  59 F.3d 13 (2d Cir. 1995) ............................................................................................ 3

Crawford v. Nails on 7th by Jenny Inc.,
  2020 WL 564059 (S.D.N.Y. Feb. 5, 2020) .................................................................... 6

Davis v. Musler,
  713 F.2d 907 (2d Cir. 1983) ................................................................................... 5, 11

Enron Oil Corp. v. Diakuhara,
  10 F.3d 90 (2d Cir. 1993) ............................................................................................ 9

Global Gold Mining, LLC v. Ayvazian,
  983 F. Supp. 2d 378 (S.D.N.Y. 2013) ..................................................................... 9, 11

Global Gold Mining, LLC v. Ayvazian,
    612 Fed. Appx. 11 (2d Cir. 2015) ................................................................................... 9

Grace v. Bank Leumi Tr. Co. of N.Y.,
    443 F.3d 180 (2d Cir. 2006) ............................................................................................ 4

Grammenos v. Lemos,
    457 F.2d 1067 (2d Cir. 1972) ......................................................................................... 7

Gunnells v. Teutul,
    469 F. Supp. 3d 100 (S.D.N.Y. 2020) ............................................................................ 5

In re Roussopoulos,
    198 B.R. 33 (Bankr. E.D.N.Y. 1996) ............................................................................. 8

Johnson v. N.Y. Univ.,
    800 Fed. Appx. 18 (2d Cir. 2020) ................................................................................... 3

Keegel v. Key West & Caribbean Trading Co.,
    627 F.2d 372 (D.C. Cir. 1980) ..................................................................................... 10

Kwan v. Schlein,
    441 F. Supp. 2d 491 (S.D.N.Y. 2006) ............................................................................ 7

Lin v. Grand Sichuan 74 St. Inc.,
    2022 WL 195605 (S.D.N.Y., 2022) ................................................................................ 6

Llolla v. Karen Gardens Apartment Corp.,
    No. 12-CIV.-1356, 2015 WL 13731354 (E.D.N.Y. July 2, 2015) ................................... 8

Llolla v. Karen Gardens Apartment Corp.,
    2016 WL 233665 (E.D.N.Y. Jan. 20, 2016) ................................................................... 8

Marziliano v. Heckler,
    728 F.2d 151 (2d Cir. 1984) ............................................................................................ 5

Matter of R & B Autobody & Radiator, Inc. v. New York State Division of Human Rights,
    31 A.D.3d 989, 819 N.Y.S.2d 599 (3rd Dept. 2006) ..................................................... 10

MD Produce Corp. v. 231 Food Corp.,
    304 F.R.D. 107 (E.D.N.Y. 2014) ............................................................................ 10, 11

Melo-Cordero v. Shaddai Transport LLC,
    2023 WL 5016346, at *2 (S.D.N.Y., 2023) .................................................................... 5

Mensah v. Boeing Corp.,
    No. 23-CV-2465 (JLC), 2023 WL 5739012 (S.D.N.Y. Sept. 6, 2023) ........................... 7

New York v. Green,
     420 F.3d 99 (2d Cir. 2005) ............................................................................................... 6, 11

NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC,
     No. 20-CIV.-7075 (JPO), 2021 WL 3173173 (S.D.N.Y. July 26, 2021) ........................... 6

Neumade Prods. Corp. v. Smith,
     2001 U.S. Dist. LEXIS 7291, 2001 WL 619341 (S.D.N.Y. June 5, 2001) ....................... 3

Olympus Corp. v. Dealer Sales & Serv., Inc.,
     107 F.R.D. 300 (E.D.N.Y.1985) ....................................................................................... 8

Pecarsky v. Galaxiworld.com Ltd.,
     249 F.3d 167 (2d Cir. 2001) .............................................................................................. 5

PMJ Cap. Corp. v. Bauco,
     333 F.R.D. 309 (S.D.N.Y. 2019) ..................................................................................... 11

Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.,
     No. 17-CIV.-5553 (LGS), 2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020) ........................... 6

Sartor v. Toussaint,
     70 Fed. Appx. 11, 13 (2d Cir. 2002) ................................................................................. 5

S.E.C. v. McNulty,
     137 F.3d 732 (2d Cir. 1998) .............................................................................................. 9

SEC v. Mgmt. Dynamics, Inc.,
     515 F.2d 801 (2d Cir. 1975) .............................................................................................. 3

Shiqiu Chen v. Best Miyako Sushi Corp.,
     2021 WL 706412 (S.D.N.Y. Feb. 19, 2021) ..................................................................... 8

Sibley v. Choice Hotels Int'l, Inc.,
     304 F.R.D. 125 (E.D.N.Y. 2015) .................................................................................... 11

Sream Inc. v. Saakshi Enterprises Inc.,
     No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510 (E.D.N.Y. June 15, 2017) .............. 9

United Student Aid Funds, Inc. v. Espinosa,
     559 U.S. 260 (2010) .......................................................................................................... 4

Vedder Price P.C. v. US Cap. Partners, LLC,
     No. 16-CIV.-6787, 2017 WL 4180021 (S.D.N.Y. Sep. 20, 2017) .................................. 11

Voice Tele Servs., Inc. v. Zee Telecoms Ltd.,
     338 F.R.D. 200 (S.D.N.Y. 2021) ...................................................................................... 4

Weingeist v. Tropix Media & Ent.,
  No. 20-CIV.-275, 2022 WL 970589 (S.D.N.Y. Mar. 30, 2022) .......................................... 5

Weisel v. Pischel,
  197 F.R.D. 231 (E.D.N.Y. 2000) .................................................................................... 10

William Gottlieb Mgmt. Co v. Carlin,
  No. 20-CIV.-8907, 2022 WL 17822578 (S.D.N.Y. Dec. 20, 2022) ................................. 5

**Statutes**

New York Civil Practice Law & Rules § 311 ................................................................................ 8

**Rules**

Fed. R. Civ. P. 4 ...................................................................................................................... 7, 8

Fed. R. Civ. P. 59 ....................................................................................................................... 3

Fed. R. Civ. P. 60 ................................................................................................... 3, 4, 5, 6, 8, 12

## **FACTUAL BACKGROUND**

On March 8, 2021, Plaintiff filed the complaint in this case against Defendants Long Island Motors, Inc. (hereinafter "Long Island Motors" or the "Dealership") and David Delvecchio ("Delvecchio") (the Dealership and Delvecchio collectively hereinafter the "Defendants"). See ECF Docket Entry 1. On March 23, 2021, Plaintiff filed affidavits of service indicating that the complaint was served upon the Dealership and Delvecchio by personal delivery to Delvecchio himself. See ECF Docket Entry 8.

On October 26, 2021, Plaintiff moved for a default judgment. See ECF Docket Entry 12. The following day, this Court issued a Text Only Order to Show Cause directing, *inter alia*, that Plaintiff serve same and other documents related to Plaintiff's motion for a default judgment upon Defendants. See Text Only Order dated October 27, 2021.

On November 5, 2021, Plaintiff filed affidavits of service indicating that the same was served upon the Dealership and Delvecchio by, once again, personal delivery to Delvecchio himself. See ECF Docket Entry 16.

On December 15, 2021, this Court issued judgment by default in the amount of $23,961.16 and directed that an inquest be held to determine punitive damages and emotional distress damages. See ECF Docket Entry 18.

On June 8, 2022, following an inquest, the Hon. Steven Tiscione, U.S.M.J. ("Judge Tiscione") issued a report and recommendation awarding $175,000.00 in emotional distress damages and $125,000.00 in punitive damages for a total award of $300,000.00. See ECF Docket Entry 25. On June 22, 2022, Plaintiff filed affidavits of service indicating that the same was served upon the Dealership and Delvecchio by, a third time now, personal delivery to Delvecchio himself. See ECF Docket Entry 26.

1

On July 7, 2022, this Court adopted Judge Tiscione's report and recommendation.  See Text Only Order dated July 7, 2022.

On July 11, 2022, a default judgment was granted in the amount of $323,961.16, which represents the total of the $300,000.00 plus the original judgment amount of $23,961.16.  See ECF Docket Entry 27.  On July 29, 2022, Plaintiff filed affidavits of service indicating that it was personally served on one Susan Lescius ("Lescius").  See ECF Docket Entries 28 & 29.

Brian Chabrier is the Vice President and a shareholder of Long Island Motors.  See Declaration of Brian Chabrier ("Chabrier Decl.") ¶ 1.  Delvecchio is not an officer, managing agent, general agent, or an agent authorized by appointment or by law to receive service of process.  See Chabrier Decl. ¶¶ 4-6.  He has no power of discretion nor exercise judgment in his duties other than in relation to sales.  See Chabrier Decl. ¶ 6.  Delvecchio was under Chabrier's direct superior control in terms of the extent of their duties and the manner in which they execute it.  Chabrier Decl. ¶ 7.  Lescius was never employed by the Dealership.  Chabrier Decl. ¶ 8.

Prior to receipt of a subpoena *ad testificandum*, Chabrier was unaware of this lawsuit.  Chabrier Decl. ¶ 9.  Chabrier immediately responded to the subpoena by and through counsel upon receiving the subpoena at 235 Glen Cove Road, Greenvale, NY 11548, at another dealership which he operates.  Chabrier Decl. ¶ 10.

By and through undersigned counsel, Plaintiff agreed to withdraw its subpoena and instead issued an information subpoena, which Chabrier responded to.  Chabrier Decl. ¶ 11.  On or about November 24, 2023, Plaintiff restrained the bank accounts of Long Island Motors.  Chabrier Decl. ¶ 12.  Long Island Motors is unable to make payroll for its employees, which were identified in response to the information subpoena, during the holidays and at a time of great need for its employees.  Chabrier Decl. ¶ 13.

Long Island Motors is unable to operate in the normal course of its business due to the restraints Plaintiff caused. Chabrier Decl. ¶ 14. Long Island Motors would have immediately responded to the complaint had it been properly served. Chabrier Decl. ¶ 15.

## **LEGAL STANDARD**

Because default judgments are "'the most severe sanction which the court may apply,'" the Second Circuit has cautioned "time and again that a trial court's desire to move its calendar should not overcome its duty to do justice." See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (quoting SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975)). Instead, the Second Circuit has stated a "strong preference for resolving disputes on the merits." See Johnson v. N.Y. Univ., 800 Fed. Appx. 18, 20 (2d Cir. 2020) (citation omitted); see also Badian v. BrandAid Communs. Corp., 2004 U.S. Dist. LEXIS 17404, 2004 WL 1933573, *2 (S.D.N.Y. Aug. 30, 2004) ("The Second Circuit has made clear its preference that 'litigation disputes be resolved on the merits, not by default.'") (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); Neumade Prods. Corp. v. Smith, 2001 U.S. Dist. LEXIS 7291, 2001 WL 619341, at *1 (S.D.N.Y. June 5, 2001) ("As we have previously stated, this Court has a preference for resolving litigation disputes on the merits and not by default . . . . [even where] defendants' conduct has been egregious").

Under Rule 60 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

3

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. See Fed. R. Civ. P. 60(c).

Notably, the one-year rule does not apply to Rule 60(b)(4).

Rule 60(b)(4) authorizes a court to relieve a party from a final judgment if "the judgment is void," meaning it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). The rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." Id. at 276. Rule 60(b)(4) applies only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271.

As the Second Circuit has explained, under Rule 60(b)(4), a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." See Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006).

"A default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law." See Voice Tele Servs., Inc. v. Zee Telecoms Ltd., 338 F.R.D. 200, 202 (S.D.N.Y. 2021).

4

"This is because a Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process." See William Gottlieb Mgmt. Co v. Carlin, No. 20-CIV.-8907, 2022 WL 17822578, at *2 (S.D.N.Y. Dec. 20, 2022), appeal dismissed, No. 23-74 (2d Cir. Mar. 9, 2023).

Unlike the other provisions of Rule 60(b), courts have "no judicial discretion when considering a jurisdictional question such as the sufficiency of process." See Am. Inst. of Certified Pub. Accts. v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375-76 (S.D.N.Y. 1998); see also Sartor v. Toussaint, 70 Fed. Appx. 11, 13 (2d Cir. 2002) (summary order); accord Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). Typically, "the burden of proof in Rule 60(b)(4) motions is properly placed on the party asserting that the judgment is not void." See Weingeist v. Tropix Media & Ent., No. 20-CIV.-275, 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022).

"A motion to vacate a default judgment is addressed to the sound discretion of the district court." See Melo-Cordero v. Shaddai Transport LLC, 2023 WL 5016346, at *2 (S.D.N.Y., 2023) (citing Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1983)).

In determining whether to vacate a default judgment, the Court considers whether the default was willful, whether the movant has a meritorious defense, and whether the vacatur of the default would prejudice the party who obtained the judgment. Id. (citing Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984); see also Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted").

"While none of these factors is alone dispositive, the Court should consider and weigh all three." Id. (citing Gunnells v. Teutul, 469 F. Supp. 3d 100, 103 (S.D.N.Y. 2020)).

5

"Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over [a] defendant," … "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." See Lin v. Grand Sichuan 74 St. Inc., 2022 WL 195605, at *5 (S.D.N.Y., 2022) ("Because the Court finds that adequate service of process was never established as to Guang Jun Li and Cheng Chen, the default judgments against them are void, and the Court sets them aside pursuant to Rule 60(b)(4)") (citing NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC, No. 20-CIV.-7075 (JPO), 2021 WL 3173173, at *2 (S.D.N.Y. July 26, 2021); see also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., No. 17-CIV.-5553 (LGS), 2020 WL 7093592, at *3 (S.D.N.Y. Dec. 4, 2020) ("A default judgment entered against a defendant should be vacated as void under Rule 60(b)(4) if service on defendant was defective"); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 132 (2d Cir. 2011) ("A default judgment may be considered void if the judgment has been entered in a manner inconsistent with due process of law"); China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash, No. 96 CIV. 9553 (PKL), 1999 WL 126921, at *8 (S.D.N.Y. Mar. 9, 1999) ("When a default judgment is "set aside as void pursuant to Rule 60(b)(4), it is unnecessary to examine the discretionary factors applicable to motions for relief under [Rule] … 60(b)(6)").

Because entry of a default judgment is "the most severe sanction which the court may apply," "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); see also Crawford v. Nails on 7th by Jenny Inc., 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020) ("[W]hen doubt exists as to whether a default should be vacated, the doubt should be resolved in favor of the defaulting party, so as to ensure that actions will be resolved on the merits").

## ARGUMENT

**A.     Long Island Motors is Faultless in its Delay in Responding due to Improper Service**

As set forth above, Long Island Motors was never properly served in this case as all service of process was effectuated by service of process upon Delvecchio, who is a rank-and-file employee of the Dealership with no authority to accept service on behalf of the Dealership.

As set forth below, this is insufficient to constitute service upon Long Island Motors.

Rule 4 allows for a corporation to be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." See Mensah v. Boeing Corp., No. 23-CIV.-2465 (JLC), 2023 WL 5739012, at *5 (S.D.N.Y. Sept. 6, 2023) (citing Fed. R. Civ. P. 4(h)(1)(B)).

An officer is a "high-ranking official," and an agent is someone "invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it." Id. (citing Kwan v. Schlein, 441 F. Supp. 2d 491, 496 (S.D.N.Y. 2006) (cleaned up) (quoting Grammenos v. Lemos, 457 F.2d 1067, 1073 (2d Cir. 1972))).

Here, Delvecchio does not meet the criteria under Rule 4 to be qualified to accept service on behalf of Long Island Motors, and there is no employee by the name of Susan Lescius. See Chabrier Decl. ¶ 4-8. Indeed, Delvecchio is not a high-level corporate employee such as Chabrier. Id. As such, the Dealership was never properly served nor aware of this case until in or about September 2023 when its Vice President, Chabrier, was served with a subpoena *ad testificandum* related to the default judgment at another dealership he operates. Id. at ¶ 9-10. Were the Dealership properly served, it would have immediately responded to this lawsuit as it did with the subpoena Chabrier was served with. Id. at ¶ 15.

7

This is crucial because the persons who may properly be served under Rule 4(h)(1)(B) and New York Civil Practice Law & Rules ("CPLR") § 311(a)(1) are all high-level corporate employees. See Llolla v. Karen Gardens Apartment Corp., No. 12-CIV.-1356, 2015 WL 13731354, at *5 (E.D.N.Y. July 2, 2015), report and recommendation adopted, 2016 WL 233665 (E.D.N.Y. Jan. 20, 2016); see also Chen v. Best Miyako Sushi Corp., No. 16-CIV.-2012, 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021) ("Service on a corporation requires delivery to a high-level employee of a corporate defendant – someone who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise"), report and recommendation adopted *sub nom.* Shiqiu Chen v. Best Miyako Sushi Corp., 2021 WL 706412 (S.D.N.Y. Feb. 19, 2021).

Indeed, even if Delvecchio agreed to accept service on behalf of the Dealership or stated that he was authorized to do so, service was nonetheless improper. See In re Roussopoulos, 198 B.R. 33, 39 (Bankr. E.D.N.Y. 1996) ("While Osserman's direct testimony establishes that he may have agreed to accept service, the Trustee never asked Osserman as part of his direct testimony whether he had the authority to do so"); see also Olympus Corp. v. Dealer Sales & Serv., Inc., 107 F.R.D. 300, 305 (E.D.N.Y.1985) ("'[c]ourts in New York are 'reluctant to lightly imply an [implied] agency'" in relation to the authority to accept service for a corporate entity).

Accordingly, Long Island Motors was faultless in its delay in responding to this case such that relief under Rule 60(b)(4) is warranted, and this Court should vacate the default judgment against the Dealership for the reasons set forth below.

**B.     Long Island Motors Meets the Criteria for Vacatur of Default**

      i.     Long Island Motors' Default was not Willful

There is a complete lack of evidence that the Dealerships' default was willful.

8

"'[W]illfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." See Bricklayers and Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (quoting S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (second omission in original) (internal quotation marks omitted)). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc. v. Saakshi Enterprises Inc., No. 16-CIV.-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017).

Indeed, "a showing that a default was inadvertent is sufficient ... to vacate a default judgment." See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015). Specifically, in determining whether a default was willful, courts must "look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

Here, the docket does not evidence and the Plaintiff cannot establish that Long Island Motors was willful in its delay because there is no quantum of proof that the Dealership blatantly ignored this lawsuit. Setting aside the fact that Delvecchio was not authorized to accept service, he did not inform Chabrier of the alleged receipt of the papers served to his recollection, and Lescius was never an employee of the Dealership. See Chabrier Decl. ¶¶ 8-9.

Accordingly, Long Island Motors was not willful in its delay.

  ii. Long Island Motors has a Meritorious Defense

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co., 92 F.3d at 61.

9

"The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)). Again, a defendant seeking to vacate a default "need only meet a low threshold to satisfy [the meritorious defense] factor." See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014).

Here, Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") for sex and/or gender discrimination. See ECF Docket Entry 1 at ¶¶ 65-82. The Dealership has a meritorious defense it may advance that is sufficient to permit vacatur. In order to prevail on a complaint of sexual discrimination by reason of sexual harassment creating a hostile work environment, a plaintiff must establish that (1) she belongs to a protected group; (2) she was the subject of unwelcome sexual harassment; (3) the harassment was based on gender; (4) the sexual harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. See Matter of R & B Autobody & Radiator, Inc. v. New York State Division of Human Rights, 31 A.D.3d 989, 819 N.Y.S.2d 599 (3rd Dept. 2006). Moreover, under Executive Law § 296, it is a defense to a claim of harassment arising from the conduct of a supervisory employee that the employer "exercised reasonable care to prevent and correct promptly [the] discriminatory conduct … and that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm. See Barnum v. New York City Transit Authority, 62 A.D.3d 736, 737-38 (2d Dept. 2009).

In this case, among other defenses, Long Island Motors can establish that it did not know nor had any reason to know about the alleged harassment.

Thus, it was in no position to take remedial action. This is evident on the face of the complaint, in which there is no allegation that Plaintiff complained to anyone about Delvecchio's alleged conduct. In that regard, Long Island Motors can establish that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Dealership.

Accordingly, Long Island Motors has established a meritorious defense warranting vacatur.

### iii.     Plaintiff Suffers no Prejudice in the Delay

"[D]elay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp., 304 F.R.D. at 110 (quoting Davis, 713 F.2d at 916). "To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, 983 F. Supp. 2d at 388 (quoting Davis, 713 F.2d at 916). In evaluating whether an adverse party would be prejudiced by vacatur of a default, the Court may consider whether "the delay occasioned by vacatur would 'thwart plaintiff's recovery or remedy.'" See PMJ Cap. Corp. v. Bauco, 333 F.R.D. 309, 313 (S.D.N.Y. 2019) (quoting Green, 420 F.3d at 110).

Here, Plaintiff is unable to establish any prejudice because no evidence has been lost and delay alone is insufficient. See, e.g., Vedder Price P.C. v. US Cap. Partners, LLC, No. 16-CIV.-6787, 2017 WL 4180021, at *4 (S.D.N.Y. Sep. 20, 2017) (vacating default where Plaintiff does not provide "any adequate allegations of prejudice"); Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (adopting report and recommendation) (vacating default where "there [wa]s no indication that evidence ha[d] been lost or that vacating the default w[ould] result in difficulties of discovery").

### C. **Long Island Motors Needs Relief to Operate in its Normal Course of Business**

As set forth in the Chabrier Declaration, Long Island Motors is currently powerless to operate as a going concern because its funds have been restrained pursuant to the improperly obtained default judgment against it. Its employees are unable to receive their paychecks during the holiday season and it is unable to meet its other obligations as a going concern. Emergency relief is thus respectfully requested in the interests of justice.

Notably, Plaintiff waited well over one (1) year to take judgment enforcement action to deprive the Dealership from seeking relief under the other grounds available under Rule 60(b), which easily meets the standard under Rule 60(b) to provide relief to Long Island Motors to accomplish justice. This Court should not reward Plaintiff for its failure to earlier seek enforcement of the judgment.

### CONCLUSION

For the foregoing reasons, this Court should grant Long Island Motors' Order to show cause to vacate the default judgment, lift all restraints to permit it to operate in the normal course of its business, and stay all judgment enforcement action.

Dated: Lake Success, New York
    November 24, 2023             Respectfully submitted,

                                  **MILMAN LABUDA LAW GROUP PLLC**
                                  _____/s_____
                                  Emanuel Kataev, Esq.
                                  3000 Marcus Avenue, Suite 3W8
                                  Lake Success, NY 11042-1073
                                  (516) 328-8899 (office)
                                  (516) 303-1395 (direct dial)
                                  (516) 328-0082 (facsimile)
                                  emanuel@mllaborlaw.com

                                  *Attorneys for Defendant*
                                  *Long Island Motors, Inc.*