UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JANE DOE,

                      Plaintiff,

    -against-

LONG ISLAND MOTORS, INC., and DAVID DELVECCHIO,

                      Defendants.
-------------------------------------------------------------X

Case No.: 2:21-cv-1232 (GRB) (ST)

**DECLARATION OF BRIAN CHABRIER IN SUPPORT OF ORDER TO SHOW CAUSE TO VACATE DEFAULT JUDGMENT**

Brian Chabrier declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am the Vice President and a shareholder of Defendant Long Island Motors, Inc. (hereinafter "Long Island Motors" or the "Dealership").

2. I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge in addition to information I have learned from my counsel concerning this case.

3. I submit this declaration in support of the Dealership's Order to show cause to vacate the default judgment improperly entered against it.

4. David Delvecchio ("Delvecchio") is not an officer, managing agent, general agent, or an agent authorized by appointment or by law to receive service of process on behalf of the Dealership.

5. Delvecchio was at all times relevant a manager of the Dealership primarily responsible for sales.

6. Delvecchio did not have any power of discretion nor did he exercise any judgment in his duties other than related to sales.

7. Delvecchio was under my direct superior control in terms of the extent of his duties and the manner in which he executes it, again, all in relation to sales.

8. There is no employee by the name of Susan Lescius at the Dealership.

9. Prior to receipt of a subpoena *ad testificandum*, I have no recollection of being made aware of this lawsuit.

10. I immediately responded to the subpoena by and through counsel upon receiving it at 235 Glen Cove Road, Greenvale, NY 11548, at another dealership which I operate.

11. Once I responded through counsel, it is my understanding that the Plaintiff agreed to withdraw the subpoena and instead issued an information subpoena, which I responded to by counsel.

12. On or about November 24, 2023, Plaintiff restrained the bank accounts of the Dealership.

13. The Dealership is currently unable to make payroll for its employees, which were identified in response to the information subpoena, during the holidays and at a time of great need for its employees.

14. Long Island Motors is unable to operate in the normal course of its business due to the restraints Plaintiff caused.

15. Long Island Motors would have immediately responded to the complaint had it been properly served, and will only operate in the normal course of its business pending the determination of this Order to show cause.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November __24__, 2023.

_____
Brian Chabrier

2