# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

————————

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 7, 2023

<u>**VIA ECF**</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-9014

> *Re:*    **Doe v. Long Island Motors, Inc.,** *et ano.*
> <u>**Case No.: 2:21-cv-1232 (GRB) (ST)**</u>

Dear Judge Tiscione:

This firm represents Defendant Long Island Motors, Inc. (the "Dealership") in the above-referenced case.   The Dealership writes to respectfully seek reconsideration[1] of the Hon. Gary R. Brown, U.S.D.J.'s ("Judge Brown") Order dated November 27, 2023 and provide the following relief: permitting the Dealership to operate in the normal course of business pending the yet-to-be scheduled traverse hearing.  The Dealership is also willing to obtain a bond pending the hearing.

This relief is crucial to prevent irreparable harm, as further set forth below.

A motion for reconsideration[2] may be granted where the moving party shows that the court overlooked controlling law or facts that, had they been considered, would have altered the disposition of the underlying motion. <u>See</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration may also be "granted to correct clear error, *prevent manifest injustice*, or review the court's decision in light of the availability of new evidence." <u>See</u> <u>Mendez-Caton v. Carribean Family Health Center</u>, 340 F.R.D. 60, 74 (E.D.N.Y. Jan. 28, 2022) (Merkl, J.) (emphasis added) (<u>citing</u> <u>Parrish v. Sollecito</u>, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

---

[1] The instant motion is submitted to this Court rather than Judge Brown because the November 27, 2023 Order provides that the Dealership's Order to show cause is referred to this Court, and that the scope of the reference shall be deemed to encompass such additional authority as reasonable or necessary to perform the foregoing duties and as is not inconsistent with the Constitution and laws of the United States.  <u>See</u> Text Only Order dated November 27, 2023.

[2] The Dealership respectfully requests leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule 7.1) in accordance with Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), which requires that the Rules be construed, administered, and <u>employed</u> <u>by</u> <u>the</u> <u>court</u> and the parties to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding.  <u>See</u> Fed. R. Civ. P. 1 (emphasis added).  Due to the emergency nature of the relief requested, Plaintiffs respectfully submit that this Court should grant leave to file the instant motion as a letter motion rather than a formal motion.

On January 31, 2022, the Clerk of the Court entered a judgment by default.  See ECF Docket Entry 27.  On or about November 24, 2023, the Dealership's bank accounts were restrained.  See ECF Docket Entry 33 ¶ 12.  As a result, the Dealership is unable to make payroll for its employees.  Id. at ¶ 13.  The Dealership received a restraining notice around the same time which provides that it is forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which it has an interest.  See copy of restraining notice annexed hereto as **Exhibit "A."**

The New York Civil Practice Law & Rules ("CPLR") provide that the court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure.  See CPLR § 5240, applicable herein pursuant to Rule 62(f).

The Dealership is currently prohibited from making any sales.  The Plaintiff believes that the vehicles in the Dealership's possession may be sold in order to satisfy the judgment.  However, all of the vehicles are "floor planned" with the Dealership's lender – Ally Bank – who has a security interest in all of the vehicles and whose interest supersedes that of the Plaintiff as judgment debtor.  In other words, the vehicles may not be used to satisfy the judgment.  The Dealership is teetering on the verge of bankruptcy due to the restraining notice, and layoffs of all of its employees are imminent.  Should relief not be afforded, the Dealership will submit a petition for bankruptcy and the Plaintiff will collect pennies on the dollar for its judgment, if that, once Ally Bank's obligations are satisfied.

In light of the foregoing, the Dealership seeks relief pursuant to CPLR § 5420 and Rule 62(f) for an Order modifying the restraining notice to permit it to make sales and pay ordinary expenses of its business with the restraints otherwise in place on any transfer of assets outside the normal course of its business.  This is necessary to prevent manifest injustice because, absent relief, the Dealership will be forced to lay off its employees during the holiday season and will be forced into bankruptcy.

This relief is further justified because the Dealership is prepared to post a bond pending the traverse hearing.  Rule 62(b) provides that, at any time after judgment is entered, a party may obtain a stay by providing a bond or other security, and that the stay takes effect when the court approves the bond or other security.  See Fed. R. Civ. P. 62(b).  To the extent it is necessary (and the Dealership submits that it is not necessary, given its request for relief pursuant to Rule 62(f) and CPLR § 5420 to agree to submit to an Order restraining any transfer of assets outside the normal course of its business), the Dealership is prepared to obtain such a bond.

The Dealership therefore respectfully requests reconsideration of this Court's Order as follows: permitting the Dealership to operate in the normal course of business by selling vehicles and paying ordinary expenses with the understanding that the Dealership will not transfer any assets pending the traverse hearing and further Order of this Court.  The requested relief will avert the above risks while maintaining the *status quo*.  Alternatively, the Dealership seeks an Order requiring a bond to effectuate a stay of any further judgment enforcement proceedings and to lift all restraints upon posting of a bond.

The Dealership and its employees thank this Court for its continued time and attention to this case.

Dated: Lake Success, New York
   December 7, 2023      Respectfully submitted,

              **MILMAN LABUDA LAW GROUP PLLC**

              _____/s_____
              Emanuel Kataev, Esq.
              3000 Marcus Avenue, Suite 3W8
              Lake Success, NY 11042-1073
              (516) 328-8899 (telephone)
              (516) 303-1395 (direct dial)
              (516) 328-0082 (facsimile)
              emanuel@mllaborlaw.com

              _Attorneys for Defendant_
              _Long Island Motors, Inc._