# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 28, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-9014

   *Re:* **Doe v. Long Island Motors, Inc.,** *et ano.*
      <u>**Case No.: 2:21-cv-1232 (GRB) (ST)**</u>

Dear Judge Tiscione:

  This firm represents Defendant Long Island Motors, Inc. (the "Dealership") in the above-referenced case. The Dealership writes with Defendant David Delvecchio ("Delvecchio") to respectfully request that this Court modify the so-Ordered stipulation dated December 8, 2023[1] (hereinafter the "So-Ordered Stipulation") to permit the Defendants to deposit $337,169.11 (the "Judgment Amount") into court pursuant to Rule 67 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") in lieu of a bond.

  Following the receipt of the So-Ordered Stipulation, the Dealership sought to secure a bond but was unable to do so unless it could deposit the entire Judgment Amount with the bonding surety, which would also require an annual bond premium of $8,430.00. The Dealership saw no need to obtain a bond if the full amount of the judgment was required to be deposited and thus sought to meet-and-confer with Plaintiff every day from Wednesday, December 13, 2023 through Wednesday, December 20, 2023. Regrettably, Plaintiff would not respond to your undersigned's requests to meet-and-confer telephonically until Monday, December 18, 2023, and then refused to meet-and-confer until Wednesday, December 20, 2023. This is despite the fact Plaintiff previously made herself and her counsel available for a full-day mediation on December 16, 2023 and December 17, 2023.

  When the parties finally met-and-conferred on Wednesday, December 20, 2023, the Dealership apprised Plaintiff that it made no sense to pay $8,430.00 and still be required to deposit the Judgment Amount with the bonding company to obtain a bond; the Dealership thus offered to stipulate to the same terms of the So-Ordered Stipulation, but that the Judgment Amount would be placed in escrow such that: (i) if the Plaintiff prevails at the yet-to-be-scheduled traverse hearing, the Judgment Amount would be turned over to Plaintiff; or (ii) if Defendants prevail at the traverse hearing, the Judgment Amount would be released to the Dealership. Alternatively, the parties may resolve the entire case at a mediation, discussed further *infra*. Plaintiff expressed reticence but confirmed that its counsel will discuss this option with the client and her counsel's other partners, and just hours later, stated that Plaintiff will not agree without providing any reason for her refusal.

---

[1] <u>See</u> ECF Docket Entry <u>39-1</u> and Text Only Order dated December 8, 2023 "so Ordering" same.

The Dealership then offered to deposit the Judgment Amount with the Court pursuant to Rule 67, which Plaintiff also refused. The only grounds Plaintiff offered for her senseless refusal was that the parties already came to an agreement, Plaintiff's perceived but unfounded notion that the Dealership is "now backing out" of the So-Ordered Stipulation, and that Plaintiff does not think Rule 67 "provides a vehicle" for relief. As set forth below, Plaintiff's objections are meritless and this Court is empowered to do precisely what the Defendants request.

Rule 67 provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. See Fed. R. Civ. P. 67(a). It explicitly permits a party to deposit money "whether or not that party claims any of it" and directs that the funds be held in accordance with other statutory provisions, including those that require the funds to be "deposited ... in the name and to the credit of [the] court" and that permit their withdrawal only "by order of court," 28 U.S.C. §§ 2041, 2042.

"It is within the court's discretion to permit or deny such a deposit." See NY Life Ins. Co. v. Aleandre, No. 13-CIV.-2384, 2014 WL 30508, at *4 (S.D.N.Y. Jan. 2, 2014); see also United States v. New York State Supreme Court, Erie Cty., No. 07-CIV.-0027, 2008 WL 305011, at *3 (W.D.N.Y. Feb. 1, 2008). Courts routinely grant such motions in the context of disputes over default judgments. See Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc., No. 20-CIV.-5839 (EK) (RER), 2022 WL 17775440, at *1 (E.D.N.Y. Jan. 20, 2022) ("The Court grants Liberty Mutual's motion with respect to the application for a deposit of funds pursuant to Fed. R. Civ. P. 67 and refers the remainder of the motion to Magistrate Judge Reyes (for default judgment(s), interpleader relief, and attorneys' fees) for report and recommendation. Liberty Mutual shall deposit the amount of $90,154.31 with the Court by the close of business January 28, 2022. Attorneys' fees and costs may be paid out from that amount, should any be awarded, prior to distribution"). Indeed, on its face, Rule 67 "is just a procedural mechanism that allows a party to use the court as an escrow agent." See Fulton Dental, LLC v. Bisco, Inc., 860 F.3d 541, 544 (7th Cir. 2017).

Here, the Defendants seek to lift the restraining notices by placing the Judgment Amount in safekeeping with the Court pending the traverse hearing. There is no functional difference for the Plaintiff in having a surety or this Court hold the funds, as the resolution of the traverse hearing will result in either the Plaintiff receiving the Judgment Amount or the funds will be released to the Dealership. Plaintiff has not offered any valid basis for refusing to agree to this ministerial change, and it is apparent to the Defendants that Plaintiff merely takes pleasure in sadistically preventing the Dealership from operating. Indeed, part of the reason the bonding company refused to issue a bond absent the deposit of the full Judgment Amount is due to the Dealership's poor financial condition caused by Plaintiff's improperly obtained default judgment. Similarly, Delvecchio and his decades-long wife are unable to pay household expenses due to the crushing weight of the restraining notice. Further, under the express terms of the So-Ordered Stipulation, the Dealership is under no obligation to pay for the mediation the parties agreed to until a bond is posted. See ECF Docket Entry 39-1 at ¶ 7 ("On January 2, 2024 the parties shall attend a private mediation with Dina Jansenson of JAMS once the bond is posted, cleared, and filed on the Docket in this matter … before proceeding to a traverse hearing"). Since Defendants are unable to pay both the Judgment Amount and the bond premium, nor should they, no mediation can proceed.

  Moreover, Plaintiff requested that the mediation be rescheduled from January 2, 2024 to Monday, January 15, 2024 purportedly at the mediator's request.  Without the requested relief, the Defendants are unable to conduct any mediation.  Reason, common sense, and logic must prevail; Defendants' proposed resolution is therefore the appropriate path, and this Court should enter an Order permitting the Dealership to deposit the Judgment Amount with the Court pursuant to Rule 67 and Local Civil Rule 67.1 to permit the parties to proceed to mediation and, if necessary, resolve their dispute over the default judgment at a traverse hearing.

  Additionally, Defendants respectfully request that a hearing date for the traverse hearing be established for late January such that the Defendants may issue subpoenas to the process servers, which will necessarily take time to prepare and serve upon them in advance of any hearing.  Finally, Defendants regret that they were unable to make this application sooner as your undersigned counsel fell ill prior to the holidays.  The Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
   December 28, 2023       Respectfully submitted,

                 **MILMAN LABUDA LAW GROUP PLLC**

                 _____/s_____
                 Emanuel Kataev, Esq.
                 3000 Marcus Avenue, Suite 3W8
                 Lake Success, NY 11042-1073
                 (516) 328-8899 (telephone)
                 (516) 303-1395 (direct dial)
                 (516) 328-0082 (facsimile)
                 emanuel@mllaborlaw.com

                 *Attorneys for Defendant*
                 *Long Island Motors, Inc.*

Dated: Hollis, New York
   December 28, 2023

                 **SMIKUN LAW, PLLC**

                 _____/s_____
                 Alan Smikun, Esq.
                 80-15 188th Street, Suite 202
                 Hollis, NY 11423
                 Direct: 718-928-8820
                 Fax: 718-732-2868
                 smikunlaw@gmail.com

                 *Attorneys for Defendant*
                 *David Delvecchio*

**VIA ECF**
PHILIPS & ASSOCIATES
Joshua Friedman, Esq.
45 Broadway, Suite 430
New York, NY 10006
jfriedman@tpglaws.com

*Attorneys for Plaintiff*
*Jane Doe*

**VIA ECF**
CSM LEGAL, P.C.
Jesse Barton, Esq.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
jbarton@csm-legal.com

*Attorney for Plaintiff*
*Jane Doe*