# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 29, 2023

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza, Courtroom 910
Central Islip, NY 11722-9014

      Re:    <u>**Doe v. Long Island Motors, Inc.,** *et ano.*</u>
              <u>**Case No.: 2:21-cv-1232 (GRB) (ST)**_____</u>

Dear Judge Tiscione:

      This firm represents Defendant Long Island Motors, Inc. (the "Dealership") in the above-referenced case. The Dealership, together with Defendant David Delvecchio ("Delvecchio") submits the instant reply letter in further support of its request that this Court modify the so-Ordered stipulation dated December 8, 2023[1] (hereinafter the "So-Ordered Stipulation") to permit the Defendants to deposit $337,169.11 (the "Judgment Amount") into court pursuant to Rule 67 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") in lieu of a bond.

      Contrary to Plaintiff's suggestion, when the parties agreed to obtain a bond, it was contemplated that the same would be obtained by showing the Dealership's financials and paying a premium to obtain the bond without fronting the entire Judgement Amount. Because the surety would not issue a bond without placing the entire Judgment Amount in escrow with it, this constitutes precisely a "mistake of material fact" warranting the relief requested.

      Once again, Plaintiff provides no basis for its refusal other than being stubborn and obstinate for the sake of being difficult. There is no functional difference to Plaintiff, while Defendants would be required to unnecessarily pay $8,000.00 to hold money in escrow with the surety, and Plaintiff's bad faith is apparent through-and-through because: (i) Plaintiff refused to meet-and-confer with Defendants in good faith for more than a week; (ii) Plaintiff prevented the Dealership from operating despite a good faith defense that the Defendants were not properly served;[2] (iii) Plaintiff has irreparably harmed the Dealership and its employees by engaging in this conduct without any valid basis to do so; and (iv) Plaintiff suffers no prejudice whatsoever by agreeing to the relief Defendants have requested.

---

[1] <u>See</u> ECF Docket Entry <u>39-1</u> and Text Only Order dated December 8, 2023 "so Ordering" same.

[2] Defendants submit that Plaintiff's abject failure to properly serve the Defendants constitutes fraud warranting relief.

For the foregoing reasons, Plaintiff's objections are meritless. The Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
December 29, 2023

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (telephone)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*Long Island Motors, Inc.*

Dated: Hollis, New York
December 29, 2023

**SMIKUN LAW, PLLC**

_____/s_____
Alan Smikun, Esq.
80-15 188th Street, Suite 202
Hollis, NY 11423
Direct: 718-928-8820
Fax: 718-732-2868
smikunlaw@gmail.com

*Attorneys for Defendant*
*David Delvecchio*

<u>**VIA ECF**</u>
PHILIPS & ASSOCIATES
Joshua Friedman, Esq.
45 Broadway, Suite 430
New York, NY 10006
jfriedman@tpglaws.com

*Attorneys for Plaintiff*
*Jane Doe*

<u>**VIA ECF**</u>
CSM LEGAL, P.C.
Jesse Barton, Esq.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
jbarton@csm-legal.com

*Attorneys for Plaintiff*
*Jane Doe*