# U.S. District Court

## New York Eastern - Central Islip

FILED Page 1/1
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 26 2024 ★

LONG ISLAND OFFICE

Receipt Date: Jan 26, 2024 1:19PM

Baron Nissan
Central Islip, NY 11722

Rcpt. No: 200002940      Trans. Date: Jan 26, 2024 1:19PM      Cashier ID: #CG

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 701 | Treasury Registry | DNYE221CV001232 | 1 | 337169.11 | 337169.11 |

| CD | Tender | | | | Amt |
|---|---|---|---|---|---|
| CH | Check | #282855 | 01/26/2024 | | $337,169.11 |

| | |
|---|---|
| Total Due Prior to Payment: | $337,169.11 |
| Total Tendered: | $337,169.11 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JANE DOE,

                           Plaintiff,

       -against-

LONG ISLAND MOTORS, INC., and DAVID
DELVECCHIO,

                           Defendants.

------------------------------------------------------------X

Case No.: 2:21-cv-1232 (GRB) (ST)

**STIPULATION**

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, by and through their respective undersigned counsel, that – pursuant to Rule 62(b) of the Federal Rules of Civil Procedure – that all restraining notices in this case are lifted on the following terms pending the traverse hearing set forth in the Hon. Gary R. Brown, U.S.D.J.'s ("Judge Brown") Order dated November 27, 2023:

     1.    Defendants shall deposit the amount of $337,169.11 representing the judgment amount of $323,961.16 plus post judgement interest in the amount of $13,207.95, with the Court pursuant to Rule 67. Until said deposit is made with the Court, and proof of same is filed on the docket, all restraints shall remain in place;

     2.    Upon the deposit to the Court and filing of proof on the docket, Defendant Long Island Motors, Inc. (the "Dealership") shall be permitted to operate its business in the normal course by selling vehicles, including retailing and/or wholesaling vehicles, and paying all ordinary expenses only.

     3.    Defendants are prohibited from: (1) selling the business; (2) creating an alter ego company; (3) setting up a new corporation for Long Island Motors to do business with; (4) utilizing any corporation aside from Long Island Motors, Inc. to do business; (5) transferring bank accounts; and (6) making any transfer of assets outside the ordinary course of its normal

business under pain of contempt and sanctions.

4.     Defendant Delvecchio is prohibited from selling any business or property that he has any ownership of whatsoever. Upon the deposit to the Court and filing of proof on the docket, Defendant Delvecchio's restrained accounts will be released.

5.     The parties reserve all rights pending the Court's decision on Defendants' emergency Order to show cause to vacate the default judgment following the traverse hearing, including – without limitation – Plaintiff's calculation of post-judgment interest.

6.     If, following the traverse hearing, the judgment remains in place, all restraining notices in this case shall be immediately reinstated, and the Court shall disburse to Plaintiff the full amount of the judgment, $323,961.16, plus interest in the amount of $13,207.95, within seven (7) days.

7.     The parties shall attend a private mediation with Dina Jansenson of JAMS once the deposit is made with the Court and proof of same is filed on the Docket before proceeding to a traverse hearing.

8.     The Defendants will pay for the full cost of private mediation with Dina Jansenson.

9.     To the extent this matter is settled at mediation, or at any time while the deposit remains in the Court's possession, the parties agree that the settlement amount will be disbursed directly to Plaintiff from the deposit held by the Court, and that any remaining balance from the deposit will be disbursed to the Dealership after the settlement amount is paid to Plaintiff.

Dated: New York, New York
January 2 2 2024

**PHILIPS & ASSOCIATES**

Joshua Friedman, Esq.
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431 x 215
F: (212) 901-2107
E: jfriedman@tpglaws.com

*Attorneys for Plaintiff*
*Jane Doe*

Dated: New York, New York
January 22, 2024

**CSM LEGAL, P.C.**

Jesse Barton, Esq.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165-0002
(212) 317-1200 (office)
(917) 689-3790 (cellular)
(212) 317-1200 (facsimile)
jbarton@csm-legal.com

*Attorney for Plaintiff*
*Jane Doe*

Dated: Central Islip, New York
January ____, 2024

Dated: Lake Success, New York
January 22, 2024

**MILMAN LABUDA LAW GROUP PLLC**

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*Long Island Motors, Inc.*

Dated: Fresh Meadows, New York
January 22, 2024

**SMIKUN LAW, PLLC**

Alan Smikun, Esq.
80-15 188th Street, Suite 202
Queens, New York 11423
Direct: 718-928-8820
Fax: 718-732-2868
smikunlaw@gmail.com

*Attorneys for Defendant*
*David Delvecchio*

**SO ORDERED:**

_____
Steven L. Tiscione, U.S.M.J.

3